Filed 10/20/21  P. v. Martinez CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B307260 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. A921413 |
| DAVID MARTINEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Hector M. Guzman, Judge. Affirmed.

Edward J. Haggerty, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

In 1988, defendant David Martinez was convicted of second degree murder. He appeals from the denial of his petition for recall and resentencing under Penal Code section 1170.95. Defendant contends that the trial court erred by denying his petition without issuing an order to show cause. Specifically, he argues the court engaged in improper fact-finding by relying on the opinion in his prior appeal. Based on the instructions at trial, however, although the jury in this case could have convicted defendant of *first* degree murder under a felony murder theory, the only theory of guilt for *second* degree murder was malice aforethought.[1] Because defendant could not have been convicted under a now-invalid theory of murder, he is ineligible for relief as a matter of law. We therefore affirm.

## BACKGROUND[2]

By information dated February 9, 1988, defendant and three other men were charged with one count of murder (Pen. Code,[3] § 187, subd. (a); count 1) and one count of aggravated assault (§ 245, subd. (a); count 2). Count 2 was subsequently dismissed under section 995. (*People v. Martinez, et al.* (Nov. 27, 1990, B041553) [nonpub. opn.] [p. 6] (*Martinez*).)[4] A jury

---

[1] The People's unopposed request for judicial notice, filed July 22, 2021, is granted.

[2] Because the facts underlying the charges are not relevant to defendant's eligibility for relief in this case, we do not address them.

[3] All undesignated statutory references are to the Penal Code.

[4] On May 11, 2021, we granted defendant's request for judicial notice of the opinion in his prior appeal.

convicted defendant of second degree murder, and the court sentenced him to an indeterminate term of 15 years to life. A different panel of this court affirmed by unpublished opinion. (*Martinez*, [at p. 18].)

In February 2019, defendant filed a petition for recall and resentencing under section 1170.95. Defendant argued that the prosecution proceeded on theories of both malice aforethought and accomplice liability but that he was neither the actual killer nor an accomplice to the crime. Counsel was appointed to represent him. The prosecution filed an opposition to the petition arguing that defendant was a major participant in the underlying felony who acted with reckless indifference to human life as well as a separate opposition arguing that section 1170.95 was unconstitutional. Defense counsel filed a reply. In November 2019, the court denied the petition by written order.

The court's order states in relevant part:

> The facts of this case, derived from the statement of the case of the Appeals Court, clearly establish[ ] that petitioner's conviction for second degree murder was ***not*** obtained under a theory of felony murder or the doctrine of natural and probable consequences. The Court of Appeal[ ] made the following observation[:] "… the prosecution was not proceeding on a felony murder theory as to the offense of second degree murder." ([*Martinez, supra*, B041553] at p. 12.) As to whether the jury convicted petitioner of second degree murder on the doctrine of natural and probable consequence[s], petitioner acknowledges in his [r]eply brief that "it does not appear the trial court instructed on a

3

natural and probable consequence[s] theory of liability.["] [Citation.]

Petitioner, along with several other individuals, was the actual killer in the group beating and murder of Antonio Ramirez (victim) and thus was convicted of second degree murder. [Fn. omitted.] In other words, petitioner committed an act that caused the death of another person[,] and when he acted, he had a state of mind called malice aforethought. This is what the jury found[,] and [p]etitioner did not challenge that finding. He along with four others were identified as having kicked the victim, who was on the ground, in the head and stomach area. According to trial testimony, the beating lasted for about five minutes. The victim did not fight back and just [lay] on the ground. A medical examiner specifically opined that the victim's death resulted from the bleeding and swelling of the brain, which was caused by internal injuries to the brain due to blunt force trauma. According to the medical examiner, these injuries were consistent with the actions of five men kicking the victim for five minutes.

Defendant is not entitled to relief under section 1170.95 as a matter of law. Accordingly, the petition is summarily denied.

On August 28, 2020, defendant filed an application for relief from default for failure to file a timely notice of appeal. The

4

People did not oppose the application, and we granted it on September 24, 2020.

## DISCUSSION

Defendant contends that the trial court improperly weighed the evidence at the prima facie stage of proceedings. We need not reach that issue, however, because the record of conviction establishes that defendant is ineligible for relief as a matter of law.

### 1. S.B. 1437

Senate Bill No. 1437 (S.B. 1437) was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) It accomplished this by amending section 188, subdivision (a)(3), to require that all principals to murder must act with express or implied malice to be convicted of that crime, unless they are convicted of felony murder under section 189, subdivision (e). (Stats. 2018, ch. 1015, § 2.) For felony murder convictions under section 189, subdivision (e), S.B.1437 requires that the defendant be the actual killer, an aider and abettor to the murder who acted with intent to kill, or a major participant in the underlying felony who acted with reckless indifference to human life. (Stats. 2018, ch. 1015, § 3.)

In addition to changing the law of murder prospectively, S.B. 1437 gave people who had been convicted under one of the now-invalid theories of murder the opportunity to petition for

5

resentencing under newly-enacted section 1170.95. (Stats. 2018, ch. 1015, § 4.) Section 1170.95, subdivision (a)(3), describes who may petition for resentencing under the statute. Subdivision (b) explains what information the petition must contain, where the petitioner must file it, who the petitioner must serve, and what the court should do if it's incomplete. Subdivision (c)—the section at issue here—describes the process the court uses to determine whether the petitioner is entitled to an evidentiary hearing: Appoint counsel, if requested; wait for the prosecutor's required response and the petitioner's optional reply; if the petitioner makes a prima facie showing that he is entitled to relief, issue an order to show cause. (*Lewis*, *supra*, 11 Cal.5th at p. 966.)

If the court issues an order to show cause after its prima facie review, subdivisions (d)–(g) describe the procedures for holding an evidentiary hearing, the type of evidence that may be admitted, the burden of proof, and the requirements for resentencing an eligible petitioner.

## 2. Defendant is ineligible for relief as a matter of law.

"While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 1170.95 relief, the prima facie inquiry under subdivision (c) is limited." (*Lewis*, *supra*, 11 Cal.5th at p. 971.) The court may deny a petition at this stage only if the petitioner is ineligible for relief *as a matter of law*. A petitioner is ineligible for relief as matter of law if the record of conviction shows that he *could not* have been convicted under any theory of liability affected by S.B. 1437—such as where malice aforethought was the only theory presented to the jury. "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in

6

'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.] … [T]he prima facie bar was intentionally and correctly set very low." (*Lewis*, at p. 972.)

Here, the jury was instructed that it could convict defendant of first degree murder based on either malice aforethought (CALJIC Nos. 8.10, 8.11), felony murder during the commission of a robbery (CALJIC Nos. 8.21, 8.79), or felony murder as an aider and abettor to robbery (CALJIC No. 8.27).

By contrast, the jury was instructed that it could convict defendant of second degree murder *only* if it found that he acted with malice aforethought: "Murder of the second degree is the unlawful killing of a human being with malice aforethought when there is manifested an intention unlawfully to kill a human being but the evidence is insufficient to establish deliberation and premeditation." (CALJIC No. 8.30.) It was not instructed on aiding and abetting for second degree murder. Nor was it instructed on the natural and probable consequences doctrine.

Finally, the jury was instructed that if defendant unlawfully killed the victim *without* malice, he could be convicted of manslaughter under various theories of guilt: "The crime of manslaughter is the unlawful killing of a human being without malice aforethought. It is not divided into degrees but is of two kinds, namely, voluntary manslaughter and involuntary manslaughter." (CALJIC No. 8.37.) As relevant here, the jury was instructed about the misdemeanor–manslaughter rule, with robbery as the predicate misdemeanor. (CALJIC No. 8.51; see *People v. Rios* (2000) 23 Cal.4th 450, 460 [difference between murder and manslaughter is that "murder includes, but manslaughter lacks, the element of malice"]; *People v. Vasquez*

7

(2018) 30 Cal.App.5th 786, 793 ["An unlawful killing *without* malice is involuntary manslaughter."].)

By rejecting both first degree murder and manslaughter, the jury indicated that it did not believe that the killing occurred during a robbery—and by convicting defendant of second degree murder in lieu of manslaughter, the jury necessarily found that he acted with malice aforethought. Because the jury instructions and verdict, without more, establish that defendant was convicted under a still-valid theory of murder, he is ineligible for section 1170.95 relief as a matter of law. (*Lewis*, *supra*, 11 Cal.5th, at pp. 971–972.) As such, the petition was properly denied.

## DISPOSITION

The order denying defendant's section 1170.95 petition is affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


LAVIN, J.

WE CONCUR:


EDMON, P. J.


MATTHEWS, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.